## Morris et al. v. Bolt et ux.

(Decided Oct. 4, 1932.)

THOS. BURCHETT for appellants.

HOWARD. VAN ANTWERP, Jr., for appellees. ·

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Taylor Bolt and Sabina Bolt, husband and wife, recovered judgment against Lee Morris and the sureties on his official bond for damages to their automobile alleged to have been caused by the negligence of Morris while same was in his possession. Morris and his codefendants have appealed.

In substance, it is shown by the proof that appellees jointly owned a Hupmobile sedan. Tom Foley made his home with appellees, and, as neither of them were competent drivers, he would drive the automobile for them. In return for his kindness in so doing they often permitted him to use the automobile. On July 14, 1930, Foley, accompanied by Clifford Hays, drove the automobile out into the country. While returning to Ashland, they were arrested by Lee Morris, a county patrolman of Boyd county, and Newt Gillian, who had been deputized by Morris, and were found to have liquor in their possession. After the officers had arrested Foley and his companion and were preparing to take them to Catlettsburg in their Ford automobile, Foley called attention to the fact that the Hupmobile he was driving belonged to Mr. and Mrs. Bolt. The officer said that he would take care of it, and drove appellees' automobile to a garage on the roadside, left it, and continued on to Catlettsburg with the prisoners in the officer's automobile. A short time after they left, the Bolt automobile was seen to start rolling, run across the road and down a hill into a tree, where it was badly wrecked. Some witnesses who were in view of the automobile testified that no one was about it· after it was left by the officers, and one witness who was acquainted with the general lay of the land gave as his opinion that it was unsafe to leave an automobile at the point where this one was left without placing chocks or chains under the wheels. It is further in evidence that the brakes on the automobile were in good condition.

For appellant it is shown that, when the automobile was left, the brakes were securely set, and some of their witnesses testified that the place where the automobile was left was a reasonably level and safe place and had been used for parking cars.

As grounds for reversal, it is urged by appellants

that the court erred in not sustaining their motion for a peremptory instruction at the close of plaintiff's evidence, and when renewed at the close of all the evidence, and that it also erred in refusing to admit certain evidence offered by them.

Counsel for appellants refers to the dearth of authority bearing on this question, but contends that an officer whose duty it is to take possession of the property of another in the circumstances shown here is, at most, only required to use ordinary care and diligence for the protection thereof; that, in any view of the matter, it is not shown that the officer failed to exercise ordinary care for the protection of appellees' automobile.

In the case of Tudor v. Lewis, 60 Ky. (3 Metc.) 378, it was held that a constable who arrested a slave charged with a public offense was liable to the master if he negligently permitted the slave to escape from his custody and thereby become lost to the master. In the course of the opinion it was said:

"It is true that the officer, in arresting the slave, was acting in strict obedience to the warrant, and would have been guilty of a violation of duty had he refused to execute the same. But he was compensated by law for the performance of such duty, and he owed it alike to the public and the owner of the slave to exercise at least reasonable and ordinary diligence in watching and guarding the slave to prevent his escape either from punishment or the control of the owner."

This followed the earlier case of Conover v. Commonwealth, to use of Gatewood, 9 Ky. (2 A. K. Marsh.) 566, 12 Am. Dec. 451, where it was held that a sheriff who negligently lost property which he took under levy to be liable in damages to the owner.

In the case of Fields v. Vallance et al., 87 S. W. 770, 27 Ky. Law Rep. 992, this court affirmed a judgment for damages against a sheriff for property levied upon by him under attachment, and which was destroyed through the negligence of a caretaker appointed by the sheriff.

Our conclusion is that an officer who takes possession of the property of another under circumstances shown by pleading and proof in this case is under a

duty to use ordinary care to prevent its injury or destruction, and if, through his negligence or want of ordinary care and diligence, the property is injured or destroyed while in his possession and under his control, he is answerable in damages to the owner thereof.

The question as to whether the officer and his deputy exercised ordinary care in this instance was an issue submitted to the jury under an instruction, the correctness of which is not called in question, and· the verdict should not be disturbed if there was evidence to support it. There is no escape from the conclusion that the verdict is supported by the evidence, since the proof indicates that from natural causes and without the application of any force other than gravitation the automobile was caused to start and run down the hill. The jury evidently reached the conclusion, clearly warranted by the evidence, that the ·brakes were not properly set or that other precautions should have been taken to hold the automobile in place.

On cross-examination of Taylor Bolt, he was asked if he knew whether Foley was engaged in the liquor business, and he answered that he did not, but later stated that he had heard about his being engaged in that business. He was then asked why he had stated that he did not know that he was engaged in the liquor ·business. The court sustained an objection to this question, and stated that, since it had been admitted that the officer had a right to take possession of the automobile, the only issue presented was whether he was negligent in its care. It is urged by counsel that the court erred in not allowing further interrogation along that line. Clearly, under the issues made by pleading, the court did not err in the ruling complained of, and it is unnecessary to determine whether an issue might have been made that would have rendered such evidence incompetent, since that question is not presented here.

Judgment affirmed.